Michael Daugherty et al. *v.* James Lillie et al.

James Lillie, Edward Klotz, James Tempero, William McCabe, Elias Abbott, Joseph Bridges and Raymond Gross, as Members of the Board of Commissioners of the Township of North Huntington, Appellants.

Argued February 4, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR. Reargued November 20, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Thomas P. Cole, II*, for appellants.

*Thomas A. Kovalchick, George, Wasson, Sekula, Kovalchick & Irwin*, for appellees.

OPINION BY JUDGE WILLIAMS, JR., March 16, 1981:

In December of 1975, the policemen of North Huntington Township were granted a $900.00 across the board increase plus other fringe benefits pursuant to an Arbitration Award. The Arbitration Award followed the rejection by the policemen of a final offer of a $600.00 across the board increase made by the Board of Commissioners of the Township of North Huntington (Board).

On January 14, 1976, allegedly for "reasons of economy," the Board terminated the employment of four policemen, effective January 31, 1976. In March of 1976, Michael Daugherty, William Wetzler, and Duane Kucera, appellees here, filed a complaint in Mandamus in the Court of Common Pleas of Westmoreland County seeking their reinstatement as policemen for the township. Appellees alleged that their dismissals from the force were not for economic reasons, but were in retaliation for the Arbitration Award. The court below ordered the Board to reinstate the policemen with back pay effective as of July 1, 1976. Appellants filed exceptions to that order and were heard by the court en banc on March 30, 1979. By order of December 14, 1979, the court dismissed those exceptions, and this appeal followed.

Section 644 of the First Class Township Code, 53 P.S. §55644 (Act)[1] sets forth the procedure which a township such as North Huntington must follow to reduce the number of paid employees of the police or fire force. The furloughing of such employees is authorized under the Act only "for reasons of economy or other reasons . . . deemed necessary."

Under the law of this Commonwealth, the sole limitation imposed upon the power of a municipality to act in the reduction of its police civil service force for economy or other reasons is that it must act in good faith. *Kraftician v. Borough of Carnegie*, 35 Pa. Commonwealth Ct. 470, 386 A.2d 1064 (1978).

The Court of Common Pleas of Westmoreland County determined that the dismissals of the North Huntington Township policemen were not for economic reasons, but were based upon an unfounded economic fear compounded by a distasteful Arbitration Award. The court further determined that the

---

[1] Act of June 24, 1931, P.L. 1206, *as amended*, added by Section 20 of the Act of May 27, 1949, P.L. 1955, *as amended*.

township budget resulted in a $181,000.00 end-of-year surplus; and that the Commissioners should have recalled all the policemen on or before July 1, 1976, since it should have been evident at that time that a large surplus would result at the end of the year 1976. We believe there is sufficient evidence in the record to support the findings of the court below.

There is record evidence that had the township policemen accepted the Board's final offer of a $600.00 across the board increase, there would not have been *any* police layoffs. Yet, because the Arbitration Award granted the policemen $300.00 more than what was offered by the Board, the Board furloughed four policemen. In light of this evidence, we must agree with the lower court that the difference between the amount of the Board's final offer and the Arbitration Award does not justify a reduction of four policemen. Furthermore, the record reveals that at the time of the reduction, one of the officers furloughed was on disability leave, recovering from an injury received in the line of duty. The township was being reimbursed for that officer's salary, insurance and workmen's compensation insurance. The furloughing of that officer, therefore, does not appear to have been founded on economic reasons.

We believe the record in this case strongly suggests that the Board's act of furloughing four policemen cannot be deemed to have been done in good faith, as required by the law of this Commonwealth. We, therefore, reject the appellants' contention that the court below was acting as a "Super Township Commissioner" when it ordered reinstatement and back pay as of July 1, 1976. We believe the record supports the finding of the court below that as of that date, it should have been evident to the Board that a large surplus would result at the end of the year 1976. We will therefore affirm the decision of the lower court.

514

ORDER

AND Now, this 16th day of March, 1981, the order of the Court of Common Pleas of Westmoreland County dated December 14, 1979 is affirmed.